# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-17-126 |
| | § | |
| JOSE PICO, | § | |
| Defendant | § | |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Sherri L. Zack, Assistant United States Attorney, and the defendant, Jose Pico ("Defendant"), and Defendant's counsel, Philip Gallagher, pursuant to Rule **11(c)(1)(A)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

**1.** Defendant agrees to plead guilty to Counts 2 and 3 of the Criminal Indictment Information. Count 2 charges Defendant with **Receipt of Child Pornography**, in violation of Title 18, United States Code, Section **2252A(a)(2)(B) and Section 2252A(b)(1).** Count 3 charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code,

Sections **2252A(a)(5)(B) & (b)(2)**. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2. The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Section 2252A(b)(1), is imprisonment for no less than 5 years and up to 20 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. The **statutory** maximum penalty for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2), is imprisonment for up to 10 years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of at least 5 years to life. *See* Title 18, United States Code, Sections 3559(a)(3) and 3583(b)(2). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, Sections 3559(a)(3) and 3583(e)(3). Defendant understands that he

cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.    Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction.  The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

4.    Pursuant to Title 18, United States Code, Section 3014(a)(3), if the court determines that the Defendant is a non-indigent person, the Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of five thousand dollars ($5000.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District clerk's Office, P.O. Box 61010, Houston, TX 77208, Attention: Finance.

## Immigration Consequences

5.   Defendant recognizes that pleading guilty may have consequences with

respect to his immigration status if he is not a citizen of the United States. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

### Waiver of Appeal and Collateral Review

6. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence,

the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

**The United States' Agreements**

9.   The United States agrees to each of the following:

(a)   If Defendant pleads guilty to Counts 2 and 3 of the Criminal Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss Count 1 of the Criminal Indictment at the time of sentencing;

(b)   If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

**Agreement Binding - Southern District of Texas Only**

10.   The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the indictment.   This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.   It does not bind any other United States Attorney's Office.   The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

11.  The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12.  Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the

applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be

8

drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Counts 2 and 3 of the Criminal Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On January 18, 2017, FBI Houston opened a case regarding a cybertip they received from the National Center for Missing and Exploited Children (NCMEC). This cybertip was received at NCMEC from the cloud storage company Dropbox, Inc. Dropbox identified a user possessing images they suspected were child pornography in their account. Dropbox viewed the suspicious images and then sent them to NCMEC along with the information they had about the account.

Dropbox is a cloud storage system that allows users to upload and sync files to cloud storage and access them from a Web browser on their computer or any internet capable device. Files can be kept private or can be shared with contacts of the users choosing. These type of cloud storage systems are typically

9

associated with an email address and the user must provide an email address to sign up.

In this case, Dropbox confirmed that all files referenced in cybertip report 14180955 were viewed by Dropbox prior to submission to NCMEC. The cybertip indicated that the files were being made publically available, meaning the files were being shared with whomever the creator of the account provided a link to access the Dropbox folder. On September 6, 2016, Dropbox observed that the user of the account uploaded several files depicting child pornography to the Dropbox account associated with email address babyadan2002@yahoo.com, utilizing the Comcast owned Internet Protocol (IP) address 73.77.140.191.

The five files uploaded to Dropbox associated with that user were titled: "11 year old chubby boy.wmv", "[CHUB][sweet boy].wmv", "chaser-1(22).mp4", "chaser-1(12).mp4", and "chaser-1(24).mp4". Special Agent (SA) Guerra reviewed the files and determined that they all depicted child pornography as defined by federal law.

The first video listed is 2 minutes and 37 seconds in length, depicting a minor male, who appears to be under the age of 14, being anally penetrated by a dildo. The second video is 1 minute and 23 seconds in length depicting a nude minor male, who appears to be under the age of 6, sitting on a chair, with his

genitals exposed in a lewd and lascivious manner. The remaining videos contain minor males engaged in various inappropriate sexual situations with adult males or masturbating.

Information from Comcast revealed that the subscriber associated with the IP address captured by Dropbox was Jose Pico of Cypress, Texas.

Based on the information gathered, SA Guerra obtained a federal search warrant which was executed on January 25, 2017. At the time of the search, SA Weaver conducted an on-site preview. No images or videos were found at that time. SA Guerra, along with SA Shultz conducted an interview with Pico. The interview was recorded and Pico agreed to speak to the agents after being advised of his *Miranda* warnings.

Pico stated he lived at the address where the search warrant was executed with his boyfriend, his brother and his mother. Pico has lived there for about 1 year and 3 months. Pico confirmed that he used Comcast as his Internet Service Provider (ISP) and the house is secure and password protected.

Pico informed the agents that they would not find child pornography on any of devices. Pico admitted to using the Dropbox application two days before the warrant was executed and using the email "babyadan2002@yahoo.com." Pico stated he started looking at child pornography approximately 3 years ago. Pico

indicated that he received and distributed child pornography from individuals he had met on line.

Pico stated he had given access to the child pornography files stored on his Dropbox account to two other users of Dropbox. He stated he knew that by giving other users access, he was essentially distributing child pornography to said users. Pico confirmed that he had used the user name "Chubsonly" and the above mentioned email address to create the Dropbox account.

Pico claimed the White Samsung Galaxy phone and gave the password 5519. He stated he used his phone to access Dropbox. Pico said he would simply download the Dropbox application on his cell phone and use the phone to view the child pornography stored in his account. Pico admitted that he gets sexually aroused by the images. He stated there would be at least one image/video depicting a pre-teen stored in his Dropbox account. Pico provided the password to the Dropbox account as june2406.

Pico stated that he accessed his Dropbox account about two times a week. He stated that he would delete the Dropbox application off his phone after he was done viewing the child pornography. When he wanted to view it again he would reinstall the application. Pico stated he understood that by watching the child pornography he was re-victimizing the children in the images/videos. He

indicated he knew that child pornography was illegal.

Pico was shown several screen shots of child pornography images from his Dropbox account and indicated he recognized all of them as being stored in his Dropbox account. Pico stated that any child pornography found in his account was a result of his actions and not his brother or boyfriend.

In a follow up interview shortly after the first interview, Pico was questioned about the Dropbox application being found on an Xbox One gaming system. Pico indicated he had downloaded the Dropbox application on the Xbox One console. Pico also gave written consent to the agents to search his Dropbox account and provided the password.

SA Guerra logged into the Dropbox account and downloaded approximately 291 images and 446 videos of child pornography. The child pornography featured children between 7 to 14 years of age. There was no bestiality or bondage and no children under the age of 5 being penetrated.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.

If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax

information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18.    Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.    Defendant also agrees to direct any banks which have custody of his/her assets to deliver all funds and records of such assets to the United States.

19.    Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

## Restitution

20.    Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction.    Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined either before sentencing or within 90 days of the sentencing hearing. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s).    Defendant agrees that restitution

imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Forfeiture

21. Defendant stipulates and agrees that the property listed in the Superseding Information's Notice of Forfeiture and in any supplemental Notices is subject to forfeiture, and Defendant agrees to the forfeiture of that property. In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

A Samsung Galaxy S5 cell phone; and

An Xbox One gaming system.


22. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23. Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

25.   Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 6 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Notification of the Sex Offender Registration and Notification Act

26.   Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions:   where he resides; where he is an employee; and where he is a student.   The Defendant understands that the requirements for registration include providing his name, his residence address and the names and addresses of any places where he is or will be an employee or a student, among other information.   The Defendant further

understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. §2250, which is punishable by a fine or imprisonment, or both.

## Complete Agreement

27. This written plea agreement, consisting of 21 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

28.  Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _____Houston_____, Texas, on ___July 26_____, 20__17__.

_____
Defendant

Subscribed and sworn to before me on ___July 26_____, 20__17__.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____Rhonda S. Hawkins_____
Deputy United States District Clerk

APPROVED:

ABE MARTINEZ
Acting United States Attorney

By: _____Kimberly Ann Leo_____
for Sherri L. Zack
Assistant United States Attorney
Southern District of Texas

_____
Philip Gallagher
Attorney for Defendant

19

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-17-126 |
| | § | |
| JOSE PICO, | § | |
| Defendant | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____     _____7/26/17_____
Attorney for Defendant                           Date

I have consulted with my attorney and fully understand all my rights with

respect to the indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____
Defendant

7/26/17
_____
Date